Michael S. SHEAR

v.

Elliot L. RICHARDSON (or his succes-
sor), as Secretary of Defense, et al.

No. P–CIV–73–35.

United States District Court,
S. D. Illinois, N. D.

Sept. 25, 1973.

Thomas M. Haney, Chicago, Ill., for petitioner.

Max J. Lipkin, Asst. U. S. Atty., Peoria, Ill., for respondents.

## DECISION AND ORDER

ROBERT D. MORGAN, Chief Judge.

This case is before the court on cross motions for summary judgment. It was commenced by filing of a petition for writ of habeas corpus by a member of a United States Army Reserve unit at Peoria, Illinois, who has been denied discharge on his petition therefor as a conscientious objector to war and killing. There is no dispute on material facts. Undisputed copies of petitioner's original application for discharge and the official actions and decisions thereon are before the court as exhibits to the answer of the respondents.

The whole question before this court is whether there exists a basis in fact for the official rejection of petitioner's application for discharge. If so, the decision to reject must be sustained and the writ denied. United States ex rel. Okerlund v. Laird, et al., 473 F.2d 1286 (C.A.7 1973). If not, the writ must be granted. United States ex rel. Robinson v. Laird, 457 F.2d 741 (C.A.7 1972).

There can be no doubt here that petitioner claims a deeply held belief that all killing is wrong, hence all war is wrong. If truly held, his stated beliefs would place him among the true conscientious objectors "whose consciences

spurred by deeply held moral, ethical, or religious beliefs, would give them no rest or peace if they allowed themselves to become a part of an instrument of war." Welsh v. United States, 398 U.S. 333 at 344, 90 S.Ct. 1792, 1798, 26 L. Ed.2d 308 (1970). Respondents here do not deny assertions of such beliefs. The investigating officer and his superiors, in passing upon the issue, simply don't believe he is sincere in such assertions. They state that his words are not credible and consequently he has not made a *prima facie* case. They cite admitted recent crystalization of belief, depression, and marital trouble as not supportive, delays in action after supposed development of beliefs, and the relation of draft calls to his lottery number as being objective facts which tend to show insincerity, and hence a basis in fact for official rejection of the claim. Obviously, more of substance is required for release than a written statement of beliefs which is convincing on its face. If not, any member of the armed forces who wanted out could simply copy the last such statement which had proved to be effective.

While this court agrees with the petitioner that certain considerations cited by the government—namely, a recent crystalization of belief and delay in action after supposed development of belief—do not support the Army's decision, it is, nevertheless, the decision of this court that other factors cited by the respondents in support of the Army's decision do satisfy the basis in fact standard. This holding is compelled by the *Okerlund* decision, *supra*. The *Robinson* decision, *supra*, upon which the petitioner relies, wherein a writ of habeas corpus was granted, is not controlling or persuasive here because of its dissimilar facts.[1]

In *Okerlund* the court held that the basis in fact test was satisfied where the applicant, an Army bandsman, filed for a discharge only after he was informed that he would probably be ordered to Vietnam in the near future and while there would be required to serve on guard duty in addition to performing his bandsman's duties. The court stated that the threat of war zone duty was not the kind of event which could be found to "legitimately" bring to fruition a conscientious objection to participation in war. The opinion therein is a helpful one because it tends to isolate the kind of factual consideration which will support an official finding that an applicant's conscientious objector beliefs are not sincerely or deeply held. It is determinative because circumstances comparable to those present in that case are to be found in the record now before this court.

Thus, the government has pointed to a string of provable, objective facts which are supportive of the Army's conclusion that the petitioner's beliefs are not the product of legitimately motivating considerations and hence do not constitute deeply and sincerely held beliefs. First, the government refers to the fact that the petitioner enlisted in the Reserves after receiving a low lottery number and for the admitted purpose of avoiding the draft. Second, during the period of time in which he served in the Reserves without protest, his lottery number of 101 would have made him eligible for the draft. Lastly, by December, 1971, at which time the petitioner filed his application for discharge, draft calls had declined substantially and there were widespread news announcements about this time to the effect that draft calls for 1972 were expected to stay below those holding the lottery number of

---

1. In his brief, petitioner relies heavily upon an unpublished order of the United States Court of Appeals for the Seventh Circuit, in the case of United States ex rel. Noga v. Laird, et al., 474 F.2d 1351 (C.A.7 1973). Such reliance is improper, however, because the section on Unpublished Orders in Rule 28 of the Rules of that Court clearly prohibits citation of such orders as precedent to any federal court within this circuit. Correspondingly, Rule 28 prohibits this court from according precedential value to the decision represented by an unpublished order even if it were inclined to do so.

65. In summary, it is the government's contention that in the record of this case, as in *Okerlund,* there are objective facts tending to support an Army determination that the petitioner's application for discharge was a pragmatic and expedient response to changing circumstances. This court is satisfied that the above-mentioned facts do meet the basis in fact test.

The *Robinson* case, *supra,* upon which the petitioner relies, provides no help in the instant case except to show that the writ may be granted in an appropriate case. Therein, the Court of Appeals granted a writ of habeas corpus to an applicant for conscientious objector status, following an Army denial of his application. In that case, however, the petitioner stood in a considerably more favorable position than does petitioner here. Robinson had served over two years in the Navy before filing for a discharge; other than members of the reviewing body, Board of Naval Personnel, no person questioned his depth of belief and no circumstances appeared in the record which in any way might have justified the conclusion that the applicant acted expediently.

Unfortunately, in his brief before this court, petitioner Shear does not respond to the specific facts which are determinative of this case. He does argue, though, that if he were, in fact, an expedient young man, the pragmatic course for him to follow would be to "go along" and fulfill the minimal requirements of his Reserve obligation. Without denying that the present path being followed by the petitioner is an arduous one, at bottom this argument supports only a proposition that one who goes to the trouble of filing a law suit after denial of application for discharge must be sincere in his beliefs. The proper test for true sincerity must obviously be more searching than that.

■■ The petitioner's brief is replete with statements to the effect that the basis in fact test requires that an Army denial of an application for conscientious objector status be supported by "hard, provable, reliable facts," or by "rational," "objective" and "affirmative" facts, and that mere "surmise, speculation, suspicion, and unsupported assumptions" will not satisfy the test. This court is in agreement with those general statements, and, having reviewed the record, finds in this case that there are specific, provable and objective facts which may be reasonably construed to lead to the conclusion that the petitioner's application for discharge was motivated by illegitimate considerations comparable to those identified as determinative in *Okerlund.* The test by which the Army's decision is to be reviewed is a narrow one. There is no requirement that its decision be more probably correct than not, in order to withstand judicial scrutiny, but only that there be some reasonable basis in fact for its decision. As stated before, that test has been satisfied in the instant case.

Accordingly, it is ordered that respondents' motion is allowed and petitioner's motion is denied.

It is further ordered that the writ prayed is denied.